UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REGINALD LAKEITH HODGE,

      Petitioner,

v.                                    Case No:  2:21-cv-193-JES-MRM
                                      Case No. 2:17-cr-119-JES-MRM

UNITED STATES OF AMERICA,

      Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #57)[1] filed on March 8, 2021.  The government filed a Response in Opposition (Cv. Doc. #5) to the motion on May 14, 2021.  For the reasons set forth below, the motion is dismissed, or in the alternative, denied.

**I.**

On October 11, 2017, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

_____

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc." and will refer to the docket of the underlying criminal case as "Cr. Doc."

On December 21, 2017, petitioner entered a guilty plea pursuant to a Plea Agreement (Cr. Doc. #26) to Count One of the Indictment. The plea was accepted, and petitioner was adjudicated guilty. (Cr. Doc. #35.)  On March 28, 2018, the Court sentenced petitioner to 84 months imprisonment followed by a term of supervised release. (Cr. Doc. #46.)  Judgment was entered on March 30, 2018.  (Cr. Doc. #47.)  No direct appeal was filed.

Petitioner signed his § 2255 motion on March 1, 2021, and he raises four interrelated grounds for relief.  In Ground One, petitioner argues that he was never informed or inherently aware that he was prohibited from physically or constructively possessing a firearm and therefore he is 'actually innocent' pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019).  In Ground Two, petitioner argues that his 'actual innocence' overcomes any procedural default and the statute of limitations. In Ground Three, petitioner argues that Rehaif applies retroactively to his motion.  In Ground Four, petitioner argues that his guilty plea was not knowingly and intelligently made because he was not informed of all the elements required to convict him and it is not enforceable.

## II.

Grounds Two and Three of the motion are actually just arguments as to why the court has the authority to consider the arguments based on Rehaif.  Petitioner argues that his motion is

based on actual innocence and therefore it overcomes any procedural hurdles, including the statute of limitations.  According to petitioner, this allows the court to consider and apply Rehaif retroactively to his case.

Federal prisoners whose convictions became final after April 24, 1996, the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Petitioner did not file a direct appeal and the convictions became final on April 13, 2018, i.e., 14 days after entry of the Judgment on March 30, 2018.  See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).  Therefore,

petitioner had until April 15, 2019[1], to file his § 2255 motion for habeas relief.  Absent contrary evidence from the government, under the "mailbox rule" petitioner is deemed to have filed his motion on March 1, 2021, the date he signed the motion.  <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001).  This date is well outside the one-year statute of limitation for final judgments.

Petitioner asserts that the untimeliness is excusable because he is "actually innocent" under <u>Rehaif</u>.  Under 28 U.S.C. § 2255(f)(3), a motion may be timely from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The government argues that <u>Rehaif</u> does not apply retroactively, and in any event, petitioner filed his motion more than one year after <u>Rehaif</u> was issued.  The government is correct on both arguments.  The Eleventh Circuit has determined that <u>Rehaif</u> did not announce a "new rule of constitutional law" and that it was "not made retroactive to cases on collateral review by the Supreme Court."  <u>In re Palacios</u>, 931 F.3d 1314, 1315 (11th Cir. 2019).  Further, <u>Rehaif</u> was decided on June 21, 2019, petitioner did not file the motion within one year of <u>Rehaif</u>.  The motion is therefore due to be dismissed as untimely.

---

[1] April 13, 2019 was a Saturday.

The government argues that the claims are also procedurally barred because they were not raised on direct appeal.  If an issue which could have been raised on appeal is not pursued, it will not be considered in a § 2255 proceeding absent a showing of cause and actual prejudice from the errors, or actual innocence.  Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982).  To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  This means factual innocence, not mere legal insufficiency.  Bousley, 523 U.S. at 623-24.

Reading the *pro se* § 2255 motion liberally, as the Court must, petitioner is asserting his guilty pleas were involuntary and unknowing based on the lack of a factual basis.  The reasonable inference is that petitioner raises issues of factual innocence, which is the type of actual innocence within the meaning of the exception.  Bousley v. United States, 523 U.S. 614, 623 (1998).  Therefore, if the motion had been filed in a timely manner, it would not have been procedurally defaulted.

**III.**

Alternatively, the Court will discuss the merits of Grounds One and Four.  In Grounds One and Four, petitioner argues that he did not know that he could not possess a firearm as a convicted felon, and his guilty plea was not knowingly and intelligently

made because he was not informed of all the elements required to convict him.

### A. Felon In Possession of Firearm or Ammunition

Title 18 U.S.C. § 922(g)(1) provides in pertinent part that it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition". 18 U.S.C. § 924(e)(1).  The statutory penalty for this offense is up to ten years imprisonment.  18 U.S.C. § 924(a)(2).

At the time of petitioner's offense and the proceedings in the district court, it was well-settled that a conviction under § 922(g) required the government to allege and ultimately prove that: (1) the defendant knowingly possessed a firearm or ammunition; (2) the defendant was prohibited by one of the grounds in § 922(g) from possessing a firearm or ammunition; and (3) the firearm or ammunition affected interstate commerce. United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008).  There was no requirement that the government prove defendant knew of his status as a convicted felon.  United States v. Jackson, 120 F.3d 1226, 1229 (11th Cir. 1997); United States v. Rehaif, 888 F.3d 1138, 1147 (11th Cir. 2018); United States v. Roosevelt Coats, 8 F.4th 1228, 1234 (11th Cir. 2021).

This was changed by the Supreme Court in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019). In <u>Rehaif</u>, the Supreme Court reversed a defendant's conviction under § 922(g)(5)(A), which prohibits possession of a firearm by an unlawful alien, because the district court had instructed the jury it did not need to find that defendant knew he was in the country unlawfully. <u>Rehaif</u>, 139 S. Ct. at 2195. The Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." <u>Id.</u> at 2200. "In felon-in-possession cases after <u>Rehaif</u>, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." <u>Greer v. United States</u>, 141 S. Ct. 2090, 2095 (2021) (citing <u>Rehaif</u> at 2199-2200) (emphasis in original). As the Eleventh Circuit has summarized: "when a defendant is charged with being a felon in possession of a firearm under § 922(g)(1), the knowledge-of-status element requires proof that at the time he possessed the firearm he was aware he had a prior conviction for 'a crime punishable by imprisonment for a term exceeding one year.' See [<u>Rehaif</u> at 2200] (quoting 18 U.S.C. § 922(g)(1))." <u>Roosevelt Coats</u>, 8 F.4th at 1234-35.

Petitioner did not raise a <u>Rehaif</u> claim in the district court, and therefore the plain error standard of Fed. R. Crim. P. Rule

52(b) applies to unpreserved Rehaif issues.  Greer, 141 S. Ct. at 2096.  To satisfy this standard, a litigant must establish three threshold requirements: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights. Id.  If all three requirements are satisfied, the court may grant relief if the error had a serious effect on the fairness, integrity, or public reputation of judicial proceedings.  Id. at 2096-2097.  The party asserting plain error has the burden of establishing each of these four requirements.  Id. at 2097.

Count One of the Indictment (Cr. Doc. #1) charged that on or about May 25, 2017, petitioner was a person "previously convicted of a crime punishable by imprisonment for a term exceeding one year", specifically possession of cocaine with intent to sell or deliver, burglary of a dwelling, robbery by sudden snatching, and battery.  Count One further alleged that petitioner "did knowingly possess, in and affecting interstate commerce, a firearm and ammunition, that is, a .45 caliber Glock 21 handgun and 3 rounds of .45 caliber ammunition. In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)."  (Id.)  Count One does not allege, however, that petitioner *knew* he was "previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year," i.e., that he knew he was a convicted felon.  It is now well-established that this type of omission from a § 922(g) indictment is both error and plain.  See United States v. Moore, 954 F.3d

1322, 1337 (11th Cir. 2020); <u>United States v. Innocent</u>, 977 F.3d 1077, 1082 (11th Cir. 2020); <u>United States v. Johnson</u>, 981 F.3d 1171, 1179 (11th Cir. 2020); <u>United States v. Leonard</u>, 4 F.4th 1134, 1143 (11th Cir. 2021); <u>United States v. Dudley</u>, 5 F.4th 1249, 1267 (11th Cir. 2021).

The magistrate judge who took the guilty plea asked petitioner if he admitted that "before possessing the firearm and ammunition, you had been convicted of a felony", to which petitioner responded "Yes, sir", but the magistrate judge did not inform petitioner of the knowledge-of-status element. (Cr. Doc. #58, pp. 32-34.) Therefore, the district court should not have accepted the guilty plea. <u>Roosevelt Coats</u>, 8 F.4th at 1235; <u>United States v. Johnson</u>, 981 F.3d 1171, 1179 (11th Cir. 2020), <u>cert. denied</u>, 142 S. Ct. 567 (2021).

Petitioner has therefore satisfied the first and second prong of the plain error standard as to Count One of the Indictment and the acceptance of the guilty plea.

The language of § 922(g) requires that at the time of the offense a defendant must know he "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922. "[T]he knowledge-of-status element requires proof that at the time he possessed the firearm he was aware he had a prior conviction for 'a crime punishable by imprisonment for a term exceeding one year.'" <u>Roosevelt Coats</u>, 8

F.4th at 1235 (quoting 18 U.S.C. § 922(g)(1)).  Nothing in the statute requires that a § 922(g) defendant know he has committed a federal offense.  Leonard, 4 F.4th 1145 n.5 ("In a prosecution under § 922(g), the government must prove that a defendant knew of his *status* as a person barred from possessing a firearm, but it does not need to prove that the defendant knew he could not possess a gun.") (citation omitted) (emphasis in original); United States v. Lawson, 861 F. App'x 337, 340 (11th Cir. 2021) ("The relevant status element for a felon-in-possession-of-a-firearm charge requires proof that the defendant knew he was a person convicted of 'a crime punishable by imprisonment for a term exceeding one year.'") (citations omitted); United States v. Benton, 988 F.3d 1231, 1235–36 (10th Cir. 2021) (rejecting an argument that "Rehaif imposed an additional burden on the government . . . to prove [a defendant] knew he was prohibited from possessing a firearm as a result of his status"). Id. at 1238 (A defendant's 'knowledge of his status' "is what helps ensure . . . that the defendant has the 'intent needed to make his behavior wrongful.'") (citations omitted).

"In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he

ordinarily knows he is a felon." Greer at 2097. See also Roosevelt Coats, 8 F.4th at 1238. At the change of plea, petitioner admitted to being a convicted felon before possessing the firearm and ammunition. (Cr. Doc. #58, p. 33.) Prior to sentencing, when interviewed by Probation, petitioner accepted responsibility and stated that he knew that he should not have had a gun. (Cr. Doc. #45, ¶ 19.) At sentencing, petitioner stated "I admit my guilt, sir, I was wrong. I had no business -- any business whatsoever possessing a firearm, and I understand that." (Cr. Doc. #61, pp. 8-9.)

There is no contemporaneous evidence to suggest that, had the Indictment and guilty plea colloquy included the knowledge-of-status element, petitioner would have changed his plea and proceeded to trial. E.g., United States v. McLellan, 958 F.3d 1110, 1120 (11th Cir. 2020). The Court finds that neither the Indictment error nor the acceptance of the guilty plea error, either individually or cumulatively, affected petitioner's substantial rights, and therefore petitioner did not satisfy the third prong of the plain error standard.

Even if Petitioner could establish the third plain error prong, he has not established that the plain error had a serious effect on the fairness, integrity, or public reputation of his judicial proceedings. Petitioner stated he knew he was a

convicted felon and that he knew he was not allowed to have a firearm.

### B. Voluntariness of Guilty Plea

"A guilty plea is more than a confession which admits that the accused did various acts." United States v. Broce, 488 U.S. 563, 570 (1989) (citations omitted). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." Id. For this reason, the United States Constitution requires that a guilty plea must be voluntary, and defendant must make the related waivers knowingly, intelligently and with sufficient awareness of the relevant circumstances and likely consequences. United States v. Ruiz, 536 U.S. 622, 629 (2002); Hill v. Lockhart, 474 U.S. 52, 56 (1985); Henderson v. Morgan, 426 U.S. 637, 645 (1976). A criminal defendant who has pled guilty may attack the voluntary and knowing character of the guilty plea, Tollett v. Henderson, 411 U.S. 258, 267 (1973); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992), or the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty, United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986).

To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the

consequences of her guilty plea.  <u>United States v. Mosley</u>, 173 F.3d 1318, 1322 (11th Cir. 1999).  Rule 11 explicitly directs the district judge not to accept a plea without determining these "core concerns."  Therefore, on review, the court is "warranted in regarding the court's acceptance of the plea as a positive finding on each [component of the Rule]."  <u>United States v. Buckles</u>, 843 F.2d 469, 473 (11th Cir. 1988).

Petitioner signed and initialed each page of a Plea Agreement (Cr. Doc. #26) attesting that petitioner was pleading guilty freely and voluntarily (<u>id.</u> at p. 14) and containing a factual basis (<u>id.</u> at pp. 15-18) for the plea.  At the plea hearing, the Magistrate Judge first placed petitioner under oath and explained the consequences of providing any false or misleading information or answers. (Cr. Doc. #58, pp. 4-5.)  Petitioner stated that he has his GED and can read, write, and understand English.  (<u>Id.</u>, p. 7.) When asked if he understood the charge in the indictment, petitioner responded "yes, sir."  (<u>Id.</u>, pp. 14-15.)  Petitioner confirmed it was his signature on the last page of the Plea Agreement and his initials on the bottom of each page.  (<u>Id.</u>, p. 20.)  After the government summarized the facts that it would prove beyond a reasonable doubt, <u>id.</u>, pp. 29-31, petitioner was asked if he admitted the truth of the factual basis and all the elements as true and correct, to which he responded "Yes, sir", <u>id.</u>, p. 32.  The Magistrate Judge then asked petitioner to admit

specific facts, including whether he had been convicted of a felony punishable by imprisonment for more than one year. (<u>Id.</u>, pp. 32-33.) The Magistrate Judge concluded that petitioner's decision to plead guilty was "freely, voluntarily, knowingly and intelligently made" with the advice of competent counsel. (<u>Id.</u>, p. 38.)

The record establishes that the guilty pleas were voluntary, intelligent, and knowing made. The responses given by petitioner at the plea hearing establish the lack of any coercion. Further, the factual basis for the pleas was clearly reviewed and admitted by petitioner.

Because petitioner's allegations are affirmatively contradicted by the record, he is not entitled to an evidentiary hearing. <u>Aron v. United States</u>, 291 F.3d 708, 715 (11th Cir. 2002).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #57) is **DISMISSED AS UNTIMELY, OR IN THE ALTERNATIVE, IS DENIED.**

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL** *IN FORMA PAUPERIS* **ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this   14th   day of April 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA